UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:                                                          CHAPTER 11

PRO-TECH AUTO & MARINE, INC.                                    CASE NO. 17-32628

    DEBTOR IN POSSESSION.

---

## LIMITED OBJECTION TO DEBTOR'S APPLICATION
## TO APPROVE EMPLOYMENT OF ATTORNEYS

---

Comes The Cecilian Bank, successor by merger with The Farmers Bank ("Cecilian Bank"), a secured creditor herein, by and through counsel, and files the instant Objection to the *Debtor's Application to Approve Employment of Attorneys* [Docket No. 11] (the "Motion") filed by Pro-Tech Auto & Marine, Inc., as Debtor and Debtor in Possession (the "Debtor").  While Cecilian Bank does not object to the employment of Deitz Shields & Freeburger, LLP , it does object to the use of its Cash Collateral (defined below) to fund the Retainer (defined below), and does not consent to any current or future request for a "carve-out" of its Cash Collateral to pay the Debtor's professional fees.

## BACKGROUND

1.      On August 16, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.[1]

---

[1] Cecilian Bank questions the basis and authority for the Debtor's bankruptcy filing including the sufficiency of the Debtor's Statement Regarding Authority to Sign and File Petition [Docket No. 2] and necessarily reserves all rights.

2.      The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334(b). Venue is proper in this District under 28 U.S.C. §§ 1408.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Beginning not later than on or about October 2, 2008 and continuing to and including the Petition Date, Cecilian Bank loaned money and provided financial accommodations to the Debtor to allow the Debtor to acquire boat, motor, trailer and/or parts inventory, as evidenced by a series of loan(s) between the parties (collectively, the "Loans").

4.      On or about October 2, 2008, to secure the Loans then existing or thereafter arising, the Debtor executed and delivered to Cecilian Bank a Security Agreement (Floor Plan) (the "Security Agreement") wherein the Debtor granted to Cecilian Bank a security interest in, in relevant part, all of the Debtor's new and used boat, motor and trailer inventory, then existing or thereafter acquired, including, but not limited to, all of the Debtor's parts related thereto, as more fully set forth in the Security Agreement (collectively, the "Collateral").

5.      The Collateral includes, but is not limited to, proceeds from the sale and/or disposition of the Collateral which constitutes "cash collateral" as that term is defined in Section 363(a) of the Bankruptcy Code (collectively, the "Cash Collateral").

6.      Cecilian Bank's security interests in the Collateral and Cash Collateral constituting, or generated from the sale and disposition of, new and used boat, motor and trailer inventory, then existing or thereafter acquired, was perfected by the filing of a UCC-1 Financing Statement with the Kentucky Secretary of State on October 6, 2008 as File No. 2008-2347406-46

7.      As of the Petition Date, there were no less than 18 Loans outstanding between the Debtor and Cecilian Bank totaling more than $696,197.00, which amounts are secured by the Collateral and Cash Collateral.

## OBJECTION(S)

8.      Pursuant to the Motion, the Debtor seeks authority to retain and employ Deitz Shields & Freeburger, LLP as counsel for the Debtor in this Chapter 11 case.  Cecilian Bank has no objection to the retention and employment of Deitz Shields & Freeburger, LLP as counsel for the Debtor; however, Cecilian Bank objects to the Motion on a limited basis to the extent it seeks this Court's approval of a retainer in the amount of $20,000.00 (the "Retainer"), to the extent such Retainer was paid out of or may constitute Cecilian Bank's Cash Collateral.  Cecilian Bank further reserves any and all rights.

9.      Prior to the Petition Date, the Debtor paid the Retainer to Deitz Shields & Freeburger, LLP.  *See Declaration of Sandra D. Freeburger* attached to the Motion.  Upon the best information and belief available to Cecilian Bank, the Retainer may constitute in whole or in part the Cash Collateral for which Cecilian Bank did not consent.

10.      As more fully set forth in Cecilian Bank's *Emergency Motion to Prohibit Use of Cash Collateral and For Related Relief* [Docket No. 19], Cecilian Bank has not consented to the use of its Cash Collateral in this case, nor has this Court entered an order permitting the use of Cash Collateral or granted to Cecilian Bank adequate protection for any such proposed use (which Cecilian Bank hereby demands).

11.      Unless the Debtor can provide Cecilian Bank with adequate protection for its interests in the Cash Collateral, the Debtor should not be allowed to use the Cash Collateral to fund the Retainer.  *In re Woodfield Gardens Associates*, 1998 WL 276453 (Bankr. N.D. Ill. 1998) (denying approval of payment to debtor's counsel from a retainer funded by pre-petition rents subject to a secured creditor's valid security interest); *In re 1560 Wilson Boulevard, L.P.*, 206 B.R. 819 (Bankr.

E.D. Va. 1996) (ordering counsel for the debtor to disgorge a retainer paid out of pre-petition rents subject to a secured creditor's valid security interest).

12.      Accordingly, while Cecilian Bank has no objection to the retention and employment of Deitz Shields & Freeburger, LLP as counsel for the Debtor in this case, Cecilian Bank objects to the Motion to the extent it seeks approval of the use of any of Cecilian Bank's Cash Collateral to fund the Retainer and/or for payment of the Debtor's professional fees.

WHEREFORE, Cecilian Bank respectfully requests that this Court enter an Order (i) overruling the Motion, insofar as it seeks approval for the use of Cecilian Bank's Cash Collateral to fund the Retainer and/or any of the Debtor's professional fees and (ii) granting to Cecilian Bank such other relief as may be necessary and/or appropriate under the circumstances including, but not limited to, adequate protection for any proposed use of Cecilian Bank's Cash Collateral.

Dated:  September 8, 2017.

Respectfully submitted,

DINSMORE & SHOHL LLP

/s/ Martin B. Tucker
Martin B. Tucker, Esq.
Sarah S. Mattingly, Esq.
250 West Main Street, Suite 1400
Lexington, Kentucky 40507
Tel: (859) 425-1000
Fax: (859) 425-1099
E-mail:  martin.tucker@dinsmore.com
E-mail:  sarah.mattingly@dinsmore.com
*ATTORNEYS FOR THE CECILIAN BANK*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing Motion was sent electronically through the US Bankruptcy Court's ECF system at the electronic addresses set forth in the ECF system and by regular U.S. Mail, postage prepaid, on all of the parties listed on the Debtor's creditor matrix.

/s/ Martin B. Tucker
Martin B. Tucker, Esq.

11642316

5